## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:

HANSEN-MUELLER CO.,

Debtor(s).

CASE NO. BK 25-81226-TLS

CHAPTER 11

## ORDER

This matter is before the Court on the reclamation claims of Elliott AGCO (Fil. No. 116) and Kyle Miller (Fil. No. 118), and the supplemental evidence filed in support of those claims at Fil. Nos. 651, 652, 653, and 654. David R. Langston and Özen Zimmerman represent the claimants.

The claims for reclamation are denied.

The supplemental evidence was filed in response to the Order of May 4, 2026 (Fil. No. 618), which disallowed most of the § 557 grain claims, but permitted several claimants to provide additional evidence of their reclamation claims.[1] Specifically, the Court ruled the claimants did not hold reclamation rights under 11 U.S.C. § 546(d), although they "may still have reclamation rights under U.C.C. § 2-702[.]" *Id.* at 10.

Under the U.C.C., sellers who discover their buyer is insolvent may reclaim delivered goods upon demand made within 10 days after the delivery. Tex. Bus. & Com. Code Ann. § 2.702(b) (West); Neb U.C.C. § 2-702(2). However, that 10-day deadline does not apply "if misrepresentation of solvency has been made to the particular seller in writing within three months before delivery." *Id.* The Court gave those producers who had raised U.C.C. reclamation claims the opportunity to submit evidence of written misrepresentations of solvency, which they have now done.

"In order to be a misrepresentation of solvency, the buyer must be insolvent[2] when it made the representation and the buyer's communication must in fact be representing the buyer's

---

[1] The Order directed six claimants who raised the issue of reclamation under U.C.C. § 2-702 to produce evidence that a misrepresentation of solvency was made to the particular seller in writing within three months before the grain was delivered. If such evidence was not filed with the Court by June 5, 2026, the reclamation claims would be denied. Four of the claimants – Michael and Cole Bilbro, Campbell Farming, Double J Farms, and E & J Farms – have not submitted any such evidence, so their claims are also denied.

[2] The U.C.C. defines "insolvent" as

(A) having generally ceased to pay debts in the ordinary course of business other than as a result of a bona fide dispute;

financial solvency." § 2-702:2 *Seller's ability to reclaim the goods upon buyer's insolvency*, 1 Hawkland UCC Series (footnote added). The difficulty for most sellers is in establishing the buyer's communication "in fact . . . represent[ed] the buyer's financial solvency." The Hawkland treatise lists examples of what is *not* a written representation of solvency:

> *See Nanjing Textiles IMP/EXP Corp., Ltd. v. NCC Sportswear Corp.*, 60 U.C.C. Rep. Serv. 2d 709 (S.D. N.Y. 2006) (issuing a check is not a written representation of solvency, invoices signed by buyer stating goods received in good order, also not a representation of buyer's solvency); *RMB Fasteners, Ltd. v. Heads & Threads Intern., LLC*, 2012 WL 401490 (N.D. Ill. 2012) (under Section 2-702(2), buyer did not misrepresent its solvency when it allegedly misrepresented why it wanted seller to hold new shipments, when it asked for forbearance in payment obligation (which implied insolvency), when it informed suppliers of cash flow problems and assurance that it was working with lenders).

*Id.* at n.14.

Perhaps the decision most applicable here is *Harris Tr. & Sav. Bank v. Wathen's Elevators, Inc. (In re Wathen's Elevators, Inc.)*, 32 B.R. 912 (Bankr. W.D. Ky. 1983), as it also sets out examples of evidence produced by grain sellers which failed to prove the grain elevator made written representations of solvency to the sellers:

> Counsel for the sellers attempts to circumvent the ten-day limitation by arguing that the prior misrepresentation exception is applicable here. We are presented with a potpourri of purchase contracts, scale tickets, grain settlement records, and dishonored checks. We see no probative value to the array of commercial records. The grain contract proffered is a written agreement between buyer and seller regarding an exchange of goods and money; a financial appraisal of the buyer is not part of this promissory document. Secondly, neither the scale tickets nor the grain settlement records contain any assertions regarding the buyer's financial health. We have examined these papers and find them to contain simply details of delivery: gross and net weight, net bushels, moisture content, damage, grain held on account, etc. Finally, delivery receipts and checks issued by the buyer could not have been prior misrepresentations of solvency because they were issued after delivery.

*Id.* at 921.

The claimants here (and other sellers who are also owed money by Hansen-Mueller but did not file reclamation claims) have provided extensive records of their contracts with the debtor and the grain they delivered to the debtor, as well as text and email communications with the debtor's

---

(B) being unable to pay debts as they become due; or
(C) being insolvent within the meaning of the federal bankruptcy law.

Neb. U.C.C. § 1-201(23); Tex. Bus. & Com. Code Ann, § 1.201(23) (West).

personnel. Those texts and emails show the debtor bidding on the sellers' grain, arranging for delivery, and promising to look into payment delays. They also disclose some disarray as the debtor was on the verge of filing for bankruptcy – in addition to delayed (and ultimately unmade) grain payments, personnel were leaving[3] and the home office staff was dealing with auditors[4]. However, none of these communications or documents represented the debtor's financial condition; there were no "financial appraisals" or "assertions regarding the buyer's financial health," as described in *Wathen's Elevators*. At most, the debtor's employees hedged when questioned by the grain producers, relaying tales of missing delivery documentation, payment processing difficulties, and delays in receiving payment from downstream purchasers of the grain. These statements likely were intended to appease the claimants, but they are not factual statements as to the debtor's solvency.

IT IS ORDERED: The reclamation claims of Elliott AGCO (Fil. No. 116), Kyle Miller (Fil. No. 118), Michael and Cole Bilbro (Fil. No. 321), Campbell Farming (Fil. No. 322), Double J Farms (Fil. No. 323), and E & J Farms (Fil. No. 324) are denied.

DATED: June 29, 2026

BY THE COURT:

/s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
*David R. Langston and Özen Zimmerman
R.J. Shortridge
Brian Koenig
United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.

---

[3]*See* Aff. of Travis Elliott at ¶ 15 and text exchange between Mr. Elliott and Hansen-Mueller grain merchandiser Austin Dale (Fil. No. 651, Ex. B at 25); Aff. of Cody Pruser, Ex. A (Fil. No. 653).

[4]*See* Aff. of Travis Elliott, emails between Mr. Elliott and Hansen-Mueller settlements manager Michelle Peterson (Fil. No. 651, Ex. A at 15).